IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.  1:06CR272-002 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Judge Ann Aldrich |
| | ) | |
| FABIAN HORTON, | ) | |
| | ) | |
| Defendant. | ) | MEMORANDUM AND ORDER |

Before the court are two motions, filed by defendant, Mr. Horton requesting credit toward his federal sentence for time served since June 19, 2006 until the sentencing date on March 28, 2007 [doc. 168 and 172].  The judgment in this case  recommended credit for time served since his arraignment on June 19, 2006 thru sentencing.  At the time of the arraignment the defendant was brought to this court on a Writ of Ad Prosequendum from Cuyahoga County where he was awaiting charges and sentencing on two state charges.  When the defendant pled guilty to federal charges on October 3, 2006,  he was a  state prisoner. At the federal sentencing hearing, on March 28, 2007,  this court recommended credit for any time served solely in federal custody.

On April 4, 2007, Mr. Horton was sentenced in state court to a two year term for Burglary and Having Weapons While Under Disability.  At that time the state court ordered his state sentence to run concurrently with the sentence previously imposed by this Court.  The defendant had been in the custody of the State of Ohio before the federal indictment on June 1,  2006. A writ was issued to bring the defendant to our custody for all court hearings.  In other words , we were borrowing the state prisoner to bring him to federal court on federal charges.

According to the State of Ohio, Sentencing Computation Division, the defendant was given 560 days credit for time served on his state sentence. He was terminated from state incarceration on December 5, 2007. On December 7, 2007 the U.S. Marshal's Office transported the defendant to the Federal Bureau of Prisons to commence service of his 41 month federal sentence as provided by Title 18 U.S.C.§3585(a).

As the court instructed at the sentencing hearing, any credit for time served is strictly a recommendation. The Bureau of Prisons has sole authority to determine any duplicate credit for time served. *Barden v. Keohane*, 921 F.2d 476, 480 nn.9-10 (3d Cir. 1990). In this instance, the defendant is not eligible for double credit time served since June 19, 2006. He was a state prisoner before becoming a federal prisoner regardless of any subsequent orders placing him in the custody of the U.S. Marshal. The order of custody, dated June 19, 2006 from Magistrate Vecchiarelli, only assured that a detainer would be placed on the defendant.

The motions [docs. 168 and 172] requesting a correction of the sentence must be denied. However, after careful consideration, the court strongly recommends that the Bureau, after careful review of all relevant factors under Title 18 U.S.C.§3621(b), favorably consider Horton's request for a retroactive (concurrent) designation.

IT IS SO ORDERED.

                                                                          s/Ann Aldrich  
                                                                          ANN ALDRICH  
                                                                          UNITED STATES DISTRICT JUDGE

Dated: July 28, 2008